UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARILYNN PATTERSON GRANT,

                    Plaintiff,

                                        **DECISION AND ORDER**

                                          10-CV-6384

               v.
ROCHESTER CITY SCHOOL DISTRICT and
SUPERINTENDENT OF SCHOOLS, JEAN-CLAUDE
BRIZARD,

                    Defendants.
_____

## INTRODUCTION

Plaintiff, Marilynn Patterson Grant ("Plaintiff"), brings this action pursuant to Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000(e) *et seq.*; the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. §§ 621 *et seq.*; 42 U.S.C. § 1981 ("§ 1981"); 42 U.S.C. § 1983 ("§ 1983"); and the New York State Human Rights Law ("NYSHRL") against her former employer, the Rochester City School District ("RCSD") and Superintendent of Schools, Jean-Claude Brizard ("Brizard"), (collectively, "Defendants"). Defendants move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule 56"), contending that Plaintiff has not produced sufficient evidence of a denial of her Constitutional rights or unlawful discrimination or retaliation such that a reasonable jury could find in her favor. Plaintiff opposes the motion, contending that there are material

1

issues of fact which preclude summary judgment.  For the reasons discussed herein, the Court grants Defendants' motion for summary judgment on all of Plaintiff's causes of action.

**BACKGROUND**

The following facts are taken from the entire record, including the parties' submissions pursuant to Local Rule 56(a), and are not in dispute unless otherwise noted. (Docket Nos. 33-5, 36-1)

Plaintiff, an African American female, was born on October 26, 1952 and she was over 40 years of age at all relevant times. Superintendent Brizard was also over 40 years of age at all relevant times.

Prior to her termination in 2010, Plaintiff was employed by the RCSD for 35 years.  She began her career with RCSD as a teacher at Franklin High School in 1975.  Thereafter, Plaintiff worked in the administrative roles of House Coordinator, Principal, Social Studies Director, Chief of Small Schools and Chief Academic Officer.  In June 2008, Superintendent Brizard offered Plaintiff the newly created position of Deputy Superintendent for Teaching and Learning position.  Brizard did not seek other candidates for the position, but offered the position directly to Plaintiff, who was 56 years old at the time of her appointment.

Plaintiff earned an annual salary of $160,000 in the position of Deputy Superintendent for Teaching and Learning, which was a

higher salary than every other employee except the Superintendent and the Deputy Superintendent for Operations. Plaintiff's new position was subject to the Rules and Regulations of the Board of Education Relating to the Superintendent's Employee Group.

Although she had many years of experience with RCSD, the Deputy Superintendent for Teaching and Learning position came with greater responsibility than any other previously held position. As Deputy Superintendent for Teaching and Learning, Plaintiff was responsible for curriculum, instruction, and assessment for the entire pre-kindergarten through grade twelve programs district-wide, which included approximately 35,000 students. She was second in command to the Superintendent, oversaw a budget of approximately sixty million dollars, and supervised approximately thirty direct reports in a department with approximately three hundred employees.

Plaintiff reported directly to Brizard, who determined the expectations for her role as Deputy Superintendent for Teaching and Learning and was the sole evaluator of her performance while she held that position.

Throughout her employment in that position, Plaintiff and Brizard had conflicts and differences of opinion with respect to how work should be performed at the District. Deposition Transcript of Marilynn Patterson Grant(hereinafter "Patterson Grant Dep.") at 24-25, 36-39, 42-46, 50-51, 67-77, 80-84, 87-88. Although

Plaintiff provides many reasons why she believed that Brizard incorrectly evaluated her work, Brizard nonetheless was dissatisfied with Plaintiff's performance as Deputy Superintendent for Teaching and Learning and documented his critiques of Plaintiff's work in a negative mid-year evaluation on June 23, 2009. Exhibit E to Defendants' Motion for Summary Judgment. Plaintiff provided a written response and rebuttal to Brizard's mid-year evaluation.

On December 8, 2009, Brizard gave another negative review of Plaintiff's performance in his end of year evaluation, which stated in the concluding paragraph, "Marilynn, during our August 2008 retreat with the Broad Superintendents it was clear that you could not move from the script created by and for you. It was then that I became gravely concerned about your readiness for this work. You seem to have had difficulty making the important connections between district reform and the work of a Teaching and Learning Division. It is with a bit of distress that I must say that you did not meet my expectations for the 2008-2009 school year." Exhibit G to Defendants' Motion for Summary Judgment.

On January 22, 2010, Superintendent Brizard met with Plaintiff and informed her of his decision to terminate her employment. He gave her a letter dated January 22, 2010 and orally explained to her that she had the options of resigning, retiring, or having her employment terminated without cause as defined in the Rules and

Regulations of the Board of Education Relating to the Superintendent's Employee Group, which would have entitled her to receive six months' severance pay. Exhibit H to Defendants' Motion for Summary Judgment.

Plaintiff responded by letter dated January 25, 2010, and advised Superintendent Brizard that she chose neither to resign nor to retire, and requested that, "if you choose to discontinue my employment, I be [sic] provided all I am entitled to under Article 21 of the Rules and Regulations of the Board of Education Relating to the Superintendent's Employee Group (Abolition or Discontinuance of Service; Severance Benefits)." Exhibit I to Defendants' Motion for Summary Judgment.

Thereafter, by letter dated January 26, 2010, Brizard notified Plaintiff that, effective January 26, 2010, her service as Deputy Superintendent for Teaching and Learning and her employment with RCSD "shall be discontinued without cause, pursuant to Section 21 of the Rules and Regulations of the Board of Education relating to the Superintendent's Employees Group." Exhibit J to Defendants' Motion for Summary Judgment.

Brizard then offered to fill the vacancy in the position to Andrea Lewis, a female in her fifties, who ultimately declined the offer. Brizard then hired Elizabeth Mascitti-Miller, a female in her fifties to fill the position.

On January 25, 2010, Plaintiff filed a charge with the Equal

Employment Opportunity Commission ("EEOC"), against RCSD and Brizard alleging race, age, and hostile work environment discrimination and retaliation. Plaintiff filed an additional charge of retaliation with the EEOC on April 20, 2010.

Although Plaintiff never made an internal complaint at RCSD, Patterson Grant Dep. at 125-26, Plaintiff alleges that she was discriminated against and terminated based upon her age. Plaintiff also alleges that RCSD and Brizard retaliated against her, after her employment was terminated, for filing her charge with the EEOC.

Plaintiff alleges that Brizard made four separate comments that show his discriminatory intent based upon age. The first comment by Brizard was at a citywide principal's meeting in November 2009, at which he stated that "in teaching age matters", during his discussion of the Teach for America program. Patterson Grant Dep. at 108-12. The second comment, which Brizard directed to members of his upper-level management cabinet in 2009, including Plaintiff, was "you are all old." Brizard made the comment in reference to his surprise at his older colleagues' enthusiasm while attending a Broadway show. Patterson Grant Dep. at 112-14. The third comment, which Brizard made during a cabinet meeting in January 2010, was "you remember one of the charges made against me was keeping too many of the old guard." Patterson Grant Dep. at 115-17. Neither party disputes that the remark was originally made by a School Board Member in critique of Brizard's hiring of cabinet

members from a previous administration, but Plaintiff now alleges that the remark is related to age. The fourth comment, which Brizard made during a principals' meeting on January 19, 2010, was "people most affected by mayoral control will be Central Office people. The effort will be to get rid of a lot of RIP's. You know what RIP's are? Retired in place." Patterson Grant Dep. at 117-18. Neither party disputes that Brizard made the remark regarding mayoral control, but Plaintiff alleges that the remark is related to age.

To support her claim of post-termination retaliation, Plaintiff alleges that Brizard deliberately made statements "degrading [Plaintiff's] professional experience...in retaliation for [her] having engaged in protected activity by filing a formal Charge of unlawful discrimination and retaliation with the EEOC." Declaration of Marilynn Patterson Grant, Docket No. 36-3 at ¶ 34. The statements come from an interview of Brizard by a local newspaper conducted on or around January 27, 2010. In the subsequent article that ran on January 28, 2010, Brizard indicated that he was informed of the complaint by a reporter during a telephone interview, that he denied the charges, but that he acknowledged firing Plaintiff for "concerns with her performance." Defendants dispute that Brizard's statements to the reporter were deliberate and retaliatory.

Plaintiff claims that the statement "concerns with her

performance" attributed to Brizard in the article rendered it impossible for her to obtain comparable and prospective employment. For example, Plaintiff asserts that she applied for two different superintendent positions, and although she was informed that she had exemplary credentials, she was not offered either job. Plaintiff testified at her deposition that she was told by two headhunters in charge of search firms that "the situation with the District served as an impediment." Patterson Grant Dep. at 105-06. However, Plaintiff also testified that she was not certain what the recruiters meant by the "situation." Patterson Grant Dep. at 106-07.

Plaintiff filed this action on June 7, 2010 and filed motions to amend the Complaint on November 4, 2010 and December 1, 2010. (Docket Nos. 9, 14). Defendants moved to dismiss the Second Amended Complaint. (Docket Nos. 20). On July 27, 2011, this Court granted in part and denied in part Defendants' motion to dismiss and the following causes of action remain: 1)discrimination in violation of the ADEA against RCSD, 2)retaliation in violation of Title VII against RCSD, 3)retaliation under the NYSHRL against Superintendent Brizard, 4)retaliation under § 1981 against all Defendants, 5)discrimination based on age in violation of her Equal Protection rights pursuant to 42 U.S.C. § 1983 against all

Defendants, and 6)a <u>Monell</u>[1] liability claim against RCSD pursuant to § 1983.

**<u>DISCUSSION</u>**

I.   <u>Defendant's Motion for Summary Judgment</u>

Pursuant to Rule 56, a court shall grant a motion for summary judgment if the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." <u>See</u> Fed.R.Civ.P. 56(a).  Once the movant has met this burden, the burden shifts to the nonmovant who must "come forward with evidence to allow a reasonable jury to find in his favor" on each of the elements of his prima facie case. <u>See</u> <u>Lizardo v. Denny's, Inc.</u>, 270 F.3d 94, 101 (2d Cir.2001); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325-27 (1986).  The court must draw all factual inferences, and view the factual assertions in materials such as affidavits, exhibits, and depositions in the light most favorable to the nonmoving party. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986); <u>Celotex Corp.</u>, 477 U.S. at 322. However, a nonmovant benefits from such factual inferences "only if there is a 'genuine' dispute as to those facts." <u>See</u> <u>Scott v. Harris</u>, 550 U.S. 372, 127 S.Ct. 1769, 1776 (2007).

---

[1] <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658, 694 (1978) (holding that local governments are subject to liability for constitutional deprivations which are the result of an official policy or custom).

II. <u>Plaintiff has failed to establish a *prima facie* case of discrimination or retaliation</u>.

Plaintiff alleges that she was discriminated against on the basis of her age, and retaliated against for engaging in protected activity. Claims of employment discrimination and retaliation are analyzed under the well-recognized burden shifting framework set forth in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973) and later refined in <u>Texas Dep't of Community Affairs v. Burdine</u>, 450 U.S. 248 (1981) and <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502 (1993). Plaintiff bears the burden proving a *prima facie* case of discrimination. If Plaintiff succeeds in stating a *prima facie* case, the burden of production shifts to the defendants to state a legitimate, non-discriminatory reason for the employment action. Should the employer meet that burden, the burden of production then shifts back to Plaintiff to show that the reasons proffered by the employer were not the true reasons for the adverse employment action, but were a pretext for discrimination, and that discrimination was the real reason. See <u>Texas Dep't of Community Affairs v. Burdine</u>, 450 U.S. 248, 252-53 (1981); <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502-06 (1993).

In the instant case, for the reasons set forth below, I find that Plaintiff has failed to state a *prima facie* case of age discrimination or unlawful retaliation. Accordingly, I grant Defendants' motion for summary judgment with respect to Plaintiff's ADEA discrimination claim, Plaintiff's retaliation claim under

Title VII, Plaintiff's retaliation claim under the NYSHRL, and Plaintiff's retaliation claim under § 1981.

A.   Plaintiff's Age Discrimination Claim

To establish a *prima facie* case of age discrimination under the ADEA, Plaintiff must demonstrate that (1) she was within the protected class [age group], (2) her job performance was satisfactory, (3) she was subjected to an adverse employment action, and (4) the adverse employment action occurred under circumstances giving rise to an inference of [age] discrimination. See Meiri v. Dacon, 759 F.2d 989, 995 (2d Cir.), cert. denied, 474 U.S. 829 (1985); Szarzynski v. Roche Laboratories, Inc., 2010 WL 811445 (W.D.N.Y. Mar. 1, 2010); Schnabel v. Abramson, 232 F.3d 83, 87 (2d Cir.2000); see also McDonnell Douglas, 411 U.S. at 802 (stating the prima facie case more generally).  Although the Second Circuit Court of Appeals has stated that "the burden that must be met by an employment discrimination plaintiff to survive a summary judgment motion at the prima facie stage is de minimis," Tomka v. Seiler Corp., 66 F.3d 1295, 1308 (2d Cir. 1995), it has also noted that "[a] jury cannot infer discrimination from thin air." Norton v. Sams Club, 145 F.3d 114 (2nd Cir.), cert. denied 119 S.Ct. 511 (1998).

Here, while it is undisputed that Plaintiff is within the protected age group, she has not and cannot establish a *prima facie* case of age discrimination because she cannot demonstrate that she

performed her job duties satisfactorily. See Bailey v. Frederick Goldman, Inc., 2006 WL 738435, at *4 (S.D.N.Y.2006). In Bailey, the court concluded that the defendant offered a "trail of performance reviews and improvement plans that document[ed] plaintiff's deteriorating performance." Id. Moreover, the court noted that in evaluating employee performance under this second prong, a court should look to an "employer's legitimate expectations of performance, and may rely on legitimate supervisory evaluations to do so." Id.

Here, Plaintiff's deficient performance is well-documented. Plaintiff was given a negative mid-year report with a litany of problems that Brizard found in the performance of her job. She was also given a negative end of the year evaluation where she was told specifically that she did not meet Brizard's expectations.

This Court specifically notes that the entire record is devoid of any evidence that the criticisms found in these evaluations were motivated by any discriminatory animus.

Even if Plaintiff could prove that her performance was satisfactory, she cannot establish an inference that her discharge was related to her age, as the record is devoid of any facts which establish that Plaintiff was discharged because of her age. Plaintiff alleges that Superintendent Brizard made statements which show his discriminatory animus towards people over the age of 40, but I find that none of the remarks alleged, either individually or

collectively, evinces a discriminatory animus.

While an employer's remarks may give rise to an inference of discrimination, <u>Gregory v. Daly</u>, 243 F.3d 687, 697 (2d Cir.2001), I find that the remarks described by Plaintiff, at best, constitute stray remarks which are insufficient to support a claim of discrimination. <u>Danzer v. Norden Systems, Inc.</u>, 151 F.3d 50, 56 (2d Cir. 1998); <u>Ikewood v. Xerox Corp.</u>, 2011 WL 147896 at *7 and *8 (W.D.N.Y.); <u>Coffed v. Xerox Corp.</u>, 2009 WL 3019512 at *10 (W.D.N.Y.). It is well resolved that "isolated derogatory remarks by a decision maker alone do not rise to an inference of discrimination". <u>Gonzalez v. Allied Barton Security Servs.</u>, 2010 WL 3766964 (S.D.N.Y.) (citing <u>Danzer v. Norden Sys.</u>, 151 F. 3d at 56); <u>Abdu-Brisson v. Delta Air Lines, Inc.</u>, 239 F.3d 456, 468 (2d Cir.2001)("[S]tray remarks of a decision-maker, without more, cannot prove a claim of employment discrimination."); <u>see</u> <u>Falso v. Rochester City School District</u>, 2011 WL 1260270 at *2 (W.D.N.Y)("one-time remarks are generally insufficient to establish an inference of discrimination").

Additionally, in cases like this one, where the same person both hired and fired the complainant, "there is a strong inference that discrimination was not a motivating factor in the employment decision." <u>Carlton v. Mystic Transportation</u>, 202 F. 3d 129 (2nd Cir. 2000); <u>see</u> <u>Jetter v. Knothe Corp.</u>, 324 F.3d 73, 76 (2d Cir. 2003); <u>Grady v. Affiliated Cent., Inc.</u>, 130 F.3d 553, 560 (2d Cir.

1997).

Furthermore, any inference of age discrimination is undercut where, as here, a plaintiff is over 40 years old when she is hired. Bailey v. Frederick Goldman, Inc., 2006 WL 738435, at *4 (S.D.N.Y.2006); see Piasecki v. Daughters of Jacob Nursing Home, Inc., 808 F.Supp. 1136, 1141 (S.D.N.Y.1992)("the fact that [employer] hired plaintiff at age 70, when he was well within the protected class, suggests a non-discriminatory intent").

Here, Plaintiff was hired to her position as Deputy Superintendent for Teaching and Learning by Superintendent Brizard when she was 56 years old, and thus over 40 and a member of the protected class. Plaintiff received more than one negative performance review, and was subsequently fired by Brizard. The position was subsequently offered by Brizard to two women who were in their 50's. Plaintiff has shown no evidence of a discriminatory animus, and has failed to show that any younger employees were treated differently.

Accordingly, I find that Plaintiff has failed to establish a *prima facie* claim of age discrimination under the ADEA.

B.   Plaintiff's Retaliation Claims

Plaintiff claims that she was unlawfully retaliated against after her employment with RCSD was terminated by Brizard who confirmed to a reporter that there were "concerns with [Plaintiff's] performance." To establish a *prima facie* case of

unlawful retaliation, a plaintiff must establish: (1) participation in a protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff or action that would dissuade a reasonable worker from making or supporting a charge of discrimination; and (3) a causal connection between the protected activity and adverse action. <u>Burlington Northern & Santa Fe Railway Co. V. White</u>, 548 U.S. 53, 68 (2006); <u>Holt v. KMI-Continental</u>, 95 F.3d 123, 130 (2d Cir. 1996), <u>cert</u>. <u>denied</u>, 1997 WL 71191 (May 19, 1997); <u>Tomka v. Seiler Corp.</u>, 66 F.3d 1295, 1308 (2nd Cir. 1995) (citations omitted). Should the plaintiff state a claim for retaliation, the defendant may then articulate a non-discriminatory, legitimate reason for taking the action complained of, and then the burden shifts to the plaintiff to show that the employer's articulated reason is both untrue and a pretext for the true retaliatory motive. <u>Id</u>.

Title VII[2] prohibits retaliation by an employer against an employee in cases where the employee has engaged in a protected activity under the statute. In the instant case, it is undisputed that Plaintiff engaged in a protected activity under Title VII by filing a charge of discrimination with the EEOC. However, I find that Plaintiff failed to demonstrate that she suffered a post-

---

[2]Plaintiff's NYSHRL and Title VII retaliation claims are analyzed under the same standards. <u>Van Zant v. KLM Royal Dutch Airlines</u>, 80 F.3d 708 (2nd Cir. 1996). See <u>Haywood v. Heritage Christian Home, Inc.</u>, 977 F.Supp. 611, 613 (W.D.N.Y. 1997)(Larimer, C.J.)(Noting that both claims are governed by <u>McDonnell Douglas</u> standard.)

termination adverse employment action or that any adverse employment action was casually connected to her filing a charge of discrimination with the EEOC.

Plaintiff has failed to demonstrate that she suffered a materially adverse action as a result of Brizard's statement to a reporter that he had "concerns with [Plaintiff's] performance." To be materially adverse, the challenged action must be one "which might well have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 67-68 (2006). To determine whether an adverse employment action occurred, the critical question to be answered "is whether the effect of the defendants' decision was 'materially adverse,' i.e., 'harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of discrimination.'" Ragusa v. Malverne Union Free Sch. Dist., 381 Fed. App. 85 (2d Cir. 2010) (quoting Hicks v. Baines, 593 F. 3d 159, 165 (2d Cir. 2010) (quoting Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 69 (2006)).

Loss of reputation is not generally considered an adverse employment action. Nequssey v. Syracuse University, 1997 WL 141679 at *11 (N.D.N.Y.); Wanamaker v. Columbian Rope Co., 907 F.Supp. 522, 535 (N.D.N.Y. 1995). "[T]he courts that have considered this issue have focused on such tangible matters as transfers and changes in salary, job title, and job responsibilities, rather than

16

such inchoate matters as a plaintiff's embarrassment or anxiety." Davis v. City University of New York, 1996 WL 243256 at *8 (S.D.N.Y.).

Here, Plaintiff merely alleges that two recruiters told that the "situation" with RCSD was an impediment to her getting two other jobs she had applied for. She does not allege that she was turned down from these jobs because of the comment that Brizard made in the article; she merely alleges that the "situation" at RCSD was a factor.

At best, Plaintiff has come forward with speculative allegations that she suffered an adverse employment action. Even if Plaintiff could prove that she suffered an adverse employment action, she has failed to allege facts that show any causal connection between her filing a complaint with the EEOC and Brizard making a statement to the media about "concerns with her performance." Accordingly, Plaintiff has failed to state a *prima facie* case of unlawful retaliation.

C. Plaintiff's § 1981 Claim

Claims for unlawful retaliation under § 1981 are also reviewed using the same standard as unlawful retaliation claims under Title VII. Patterson v. Cnty. of Oneida, N.Y., 375 F.3d 206, 219 (2d Cir. 2004). However, § 1981 claims are based on discrimination on the basis of race and Plaintiff offers no evidence of unlawful retaliation based upon her race. For that reason, and for the

reasons stated above, I find that Plaintiff has failed to establish a *prima facie* case of unlawful retaliation based upon race.

III. <u>Equal Protection and Monell Claims</u>.

To prove an equal protection violation, Plaintiff must allege facts which demonstrate purposeful discrimination because her age. <u>See</u>, <u>Catanzaro v. Weiden</u>, 188 F. 3d 56, 64 (2d Cir. 1999); <u>Kadrmas v. Dickinson Pub. Schs.</u>, 487 U.S. 450, 457-58, 108 S.Ct. 2481, 2487, 101 L.Ed.2d 399 (1988). As discussed above, Plaintiff has not presented facts from which a reasonable jury could conclude that the actions of the Defendants were the result of purposeful discrimination.

Additionally, in order to establish municipal liability under <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658, 694 (1978), the alleged actions must constitute "a government's policy or custom, whether made by its lawmakers, or by those whose edicts or acts may fairly be said to represent official policy..." <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658, 694 (1978). "[T]o hold a [municipality] liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." <u>Batista v. Rodriguez</u>, 702 F.2d 393, 397 (2nd Cir. 1983).

Here, Plaintiff's conclusory allegations with respect to the

18

purported existence of a custom or policy lack any factual support, thus rendering her claims deficient and subject to dismissal. <u>See Smith v. Goord</u>, 2011 WL 477685, at *4 (E.D.N.Y.).

Because Plaintiff has not demonstrated purposeful age discrimination or that any of the actions of which she complains were part of an unlawful policy or custom, her equal protection and <u>Monell</u> claims are dismissed.

**CONCLUSION**

For the reasons set forth above, I grant Defendants' motion for summary judgment on all of Plaintiff's causes of action and dismiss Plaintiff's Complaint in its entirety with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

                                        HON. MICHAEL A. TELESCA
                                        United States District Judge

Dated:      June 18, 2013
            Rochester, New York